```
____ FILED       ____ ENTERED
____ LODGED      ____ RECEIVED
```

MAY 20 2015  PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY



Received from SEATTLE
MAY 21 2015

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA; and STATE OF WASHINGTON, *ex rel.* AMY THOMSON, L.P.N.,<br><br>Plaintiff,<br><br>vs.<br><br>COMPREHENSIVE MENTAL HEALTH CENTER OF TACOMA-PIERCE COUNTY, d/b/a COMPREHENSIVE LIFE RESOURCES, a nonprofit corporation; OPTUMHEALTH PIERCE REGIONAL SUPPORT NETWORK and its parent corporations,<br><br>Defendants. | NO. 15-CV-05335 RBL<br><br>COMPLAINT AND JURY DEMAND<br><br>**Filed Under Seal**<br>pursuant to<br>31 U.S.C. §3730(b)(2) |

COMES NOW the United States of America and the State of Washington, by and through AMY THOMSON, LPN, *qui tam* as Relator, and for a cause of action alleges as follows:

### I. PARTIES

1. Comprehensive Mental Health Center of Tacoma-Pierce County, d/b/a Comprehensive Life Resources ("CLR") is a Washington Nonprofit Corporation

**COMPLAINT AND JURY DEMAND - 1**

Teller & Associates, PLLC
1139 34th Ave, Ste B
Seattle, WA 98122
(206) 324-8969   Fax: 860-3172

SEA 71135/NO ISS.

that owns and operates a community mental health center in Tacoma, Washington, providing outpatient and inpatient mental health services for patients in Pierce County.

2. OptumHealth Pierce Regional Support Network ("Optum") is a corporation that operates as the Regional Support Network for state and federally funded mental health services in Pierce County, performing administrative services on behalf of CLR, including Medicare and Medicaid billing.

## II. JURISDICTION AND VENUE

3. Jurisdiction exists pursuant to 28 U.S.C. § 1331, 1345 and 31 U.S.C. § 3732(a) and (b) in that this action seeks remedies on behalf of the United States of America for Defendants' violations of 31 U.S.C. § 3729, and on behalf of the State of Washington for Defendants' violations of RCW Chapter 74.66.

4. Any public disclosure of the allegations or transactions upon which this suit is based is the direct result of Relator's actions, and the substance of this Complaint and the allegations herein are not the product of such public disclosure. *See* 31 U.S.C. §3730(e)(4)(A); RCW 74.66.080. Knowledge obtained by the U.S. Government and the State of Washington was the result of a disclosure made by the Relator.

5. Relator is an original source in that Relator has direct and independent knowledge of the information on which the allegations are based. Relator has voluntarily provided the information to the government before filing this *qui tam* action and Relator was responsible for, and had a role in, any public disclosure of allegations that are a part of this suit.

6. CLR operates a mental health facility in Tacoma, Washington, in this judicial district.

**COMPLAINT AND JURY DEMAND - 2**

Teller & Associates, PLLC
1139 34th Ave, Ste B
Seattle, WA 98122
(206) 324-8969   Fax: 860-3172

7. Optum operates as a Regional Support Network for state and federally funded mental health services in Pierce County, in this judicial district.

8. Venue exists in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) and (c), and 31 U.S.C. § 3732(a).

### III. STATEMENT OF FACTS

9. Relator is employed performing designated health services for Defendant CLR at its health care facilities in Tacoma, Washington. She has been employed there since approximately 2007.

10. CLR provides mental health services to thousands of patients in Pierce County, Washington each year. An unknown number of those patients are eligible for Medicaid. Thomson has observed that the proportion of CLR's patients eligible for Medicaid is very high.

11. Upon information and belief, Thomson has observed violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Medicaid False Claims Act, RCW Chapter 74.66.

12. Medicaid and Medicare pay certain limited fees for services provided to qualified patients. The regulations and policies of the United States and the State of Washington mandate that Medicaid and Medicare funds may be paid to health care providers in limited amounts and only for services provided to qualified patients.

13. Thomson has observed CLR staff "unbundling" their medical services, wherein medical staff bill separately for work performed incident to a visit with a doctor.

14. CLR management instructs its medical staff to bill separately for their services. When Thomson objected to the practice, CLR's Chief Executive Officer

Ghasem Nahvipour stated "if your license is so important to you, you should seek employment elsewhere."

15. Thomson has observed duplicative billing for medical services, wherein providers bill separately for services performed for the same patient at the same time.

16. Thomson has observed overbilling for services, wherein the service provided is does not meet Medicare or Medicaid's standards, is of insufficient quality, is medically unnecessary, or where documentation of the service provided is so minimal that it is impossible to discern what service was provided or whether standards were met.

17. Thomson has observed "overbilling" wherein patients receive financial incentives for their use of Medicaid or Medicare-funded services, thereby using services in excess of medical necessity.

18. Thomson has observed that providers of services bill for services for which they are insufficiently supervised and/or lack required educational qualifications.

19. Thomson has observed that CLR received government funding to implement electronic medical records systems but fails to comply with required "meaningful use" standards.

20. Upon information and belief, the practices Thomson has observed are representative of CLR's common practices with respect to Medicaid and Medicare-billed services.

21. Upon information and belief, the purpose of the billing practices described herein is to obtain monies for Defendants from the United States and

Washington State governments, which monies Defendants would not otherwise obtain.

22. Upon information and belief, CLR submits claims for payment to Medicare and Medicaid via Optum, while certifying that they are in compliance with state and federal law, when in fact Defendants are not. Relator brings this Qui Tam action under the statutes described herein to recover money damages and civil penalties arising from false statements and false claims knowingly submitted or knowingly caused to be submitted by Defendants to Federal and State governments, either through financial intermediaries and/or the State of Washington.

23. These practices resulted in billing for more patients and services than actually were eligible, and resulted in Defendants receiving more money from Medicaid and Medicare than they are entitled to.

### IV. CLAIMS OF THE UNITED STATES AND THE STATE OF WASHINGTON

24. The facts stated above give rise to a violation of the Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(C) & (G) and the Washington State Medicaid Fraud False Claims Act, RCW 74.66.020(1)(a)-(c) & (g).

25. Defendants knowingly (as that term is defined by statute) submitted and caused to be submitted such false statements to agents of the United States and the State of Washington under the Medicare and Medicaid programs, as an essential element in their claim submission process, in violation of 31 U.S.C. § 3729(a)(1)(A) and the Washington State Medicaid Fraud False Claims Act, RCW 74.66.020(1)(a).

26. By the submission of such reports, Defendants knowingly made, used, or caused to be made or used, a false record or statement to get false or fraudulent claims paid or approved by the United States in violation of 31 U.S.C. § 3729(a)(1)(B) and the Washington State Medicaid Fraud False Claims Act, RCW 74.66.020(1)(b).

27. Defendants conspired in planning, drafting and executing the above referenced scheme in violation of 31 U.S.C. § 3729(a)(1)(C) and the Washington State Medicaid Fraud False Claims Act, RCW 74.66.020(1)(c).

28. All payments made by the United States or the State of Washington to Defendants with respect to services provided to Medicare or Medicaid patients referred to Defendants by any of the physicians or the medical practices involved in these improper recruitment arrangements are subject to recoupment by the paying agency.

29. Defendants are liable for the actions of their agents and their employees under the doctrine of Respondeat Superior.

## V. DAMAGES SUFFERED BY THE UNITED STATES AND THE STATE OF WASHINGTON

30. As a proximate cause of the fraudulent practices described above the United States of America and the State of Washington have suffered damages in the amounts fraudulently billed to the United States and the State of Washington.

## VI. JURY DEMAND

31. Relator hereby demands that factual determinations in this matter be decided by a jury of 12 persons.

Case 3:15-cv-05335-RBL   Document 1   Filed 05/20/15   Page 7 of 7

## VII. PRAYER FOR RELIEF

WHEREFORE Relator prays for damages as follows on behalf of the United States, the State of Washington, and/or on her own behalf, as appropriate:

1. Economic damages in an amount to be proven at time of trial.

2. A civil penalty per violation as allowed by the Federal False Claims Act and the State Medicaid Fraud False Claims Act.

3. Treble damages as provided for in 31 U.S.C. §3729(a) and the Medicaid Fraud False Claims Act, RCW 74.66.020(1).

4. Prejudgment interest.

5. Reasonable attorney fees and costs.

6. Whatever additional damages allowed by law, which the court shall deem to be just and equitable.

DATED this 20th day of May, 2015.

_____
J. Denise Diskin, WSBA #41425
Stephen A. Teller, WSBA #23372
Attorneys for Relator Amy Thomson, LPN

**COMPLAINT AND JURY DEMAND - 7**

Teller & Associates, PLLC
1139 34th Ave, Ste B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172